**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| VACUMET CORPORATION<br>(presently known as Scholle IPN Corporation)<br><br>Plaintiff,<br><br>v.<br><br>VACMET PACKAGINGS (INDIA) PRIVATE LIMITED<br>(presently known as Vacmet India Ltd.)<br><br>Defendant. | Civil Docket No. 1:2-cv-00176-LMB<br><br>**NOTICE OF MOTION TO VACATE THE STIPULATED FINAL ORDER DATED AUGUST 9, 2002** |

PLEASE TAKE NOTICE that the Defendant's Motion for Vacate is to come for hearing before Honorable Judge Leonie M. Brinkema, U.S.D.J. on July 15, 2016 at 10:00 a.m., or as soon thereafter as counsel may be heard, Defendant will bring on for hearing its motion to vacate, in the above-captioned action.

Respectfully submitted,

DATED: June 23, 2016          By: _____/s/_____
                                                YEON ME KIM
                                            Counsel for Defendant
                                       Virginia Bar No. 81446

**CHUGH, LLP**
1902 Campus Commons Dr.
Suite # 440
Reston, Virginia 20191
Tel: (703)877-0870
Fax: (703)877-0871
*Attorneys for Defendant, Vacmet Packagings (India) Private Limited*

1

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| VACUMET CORPORATION<br>(presently known as Scholle IPN Corporation)<br><br>Plaintiff,<br><br>v.<br><br>VACMET PACKAGINGS (INDIA) PRIVATE LIMITED<br>(presently known as Vacmet India Ltd.)<br><br>Defendant. | Civil Docket No. 1:2-cv-00176-LMB<br><br>**BRIEF IN SUPPORT OF MOTION TO VACATE** |

Defendant, Vacmet Packagings (India) Private Limited, through the undersigned counsel, moves this Honorable Court for vacating the August 9, 2002 Stipulated Final Order.

ORAL ARGUMENT IS REQUESTED IF RESPONSE IS FILED BY PLAINTIFF.

    Respectfully submitted,

    By: _____/s/_____
        YEON ME KIM
        Counsel for Defendant
        Virginia Bar No. 81446

    **CHUGH, LLP**
    1902 Campus Commons Dr
    Suite # 440
    Reston, Virginia 20191
    Tel: (703)877-0870
    Fax: (703)877-0871
    *Attorneys for Defendant, Vacmet Packagings (India) Private Limited*

# **TABLE OF CONTENTS**

**TABLE OF AUTHORITES**…………………………………………………….............3

**INTRODUCTION**……...………………………………………………………………..4

**ARGUMENT**……………………………………………………………………………5

    a. **The Defendant has to right to use 'VACMET' marks as the Plaintiff's 'VACUMET' Trademarks have been abandoned and registrations have been cancelled due to non-renewal**.....................................................................................…………………..5

    b. **A motion to vacate is proper when there has been a significant change in factual conditions** …………………………………………………………………………...6

**CONCLUSION**……………………………………………………………………..............7

# TABLE OF AUTHORITES

**FEDERAL STATUTE**                                                                                          **Page Number**

15 U.S.C.A. § 1058…..……………………………………………………………………………….5, 6

15 U.S.C. §1127……………………………………………………………………………………...5

**FEDERAL RULE**                                                                                             **Page Number**

Fed. R. Civ. P. 60(b)(5)………………………………………………………………………….6

**FEDERAL CASES**                                                                                            **Page Number**

George & Co. v. Imagination Entm't Ltd., 575 F.3d 383, 400-401 (4th Cir. 2009)……………....5

Indianapolis Colts, Inc. v. Metro. Baltimore Football Club Ltd. P'ship, 34 F.3d 410, 412 (7th Cir. 1994)……………….............................................................................................................5

Emergency One, Inc. v. American FireEagle, Ltd., 228 F.3d 531, 535 (4th Cir. 2000)…………...5

United States v. City of Chicago, 663 F.2d 1354 (7th Cir.1981) (en banc)………………………7

United States v. Swift & Co., 286 U.S. 286,113-114, 52 S.Ct. 460, 462 (1932)………..……...6, 7

**INTRODUCTION**

On August 9, 2002, this Honorable Court issued the Stipulated Final Order bearing Docket No. 11 (hereinafter "Order") against Vacmet Packagings (India) Private Limited, presently known as Vacmet India Ltd. (hereinafter "Defendant").  Pursuant to the said Order, the Defendant was permanently enjoined and restrained from using or employing in active concert or in participation with it, directly or indirectly, the designations 'VACMET' or 'VACUMET' in any manner in the United States (Order dated August 9, 2002 attached hereto as Exhibit "A").

The Order was issued by this Honorable Court pursuant to a Settlement Agreement between the parties in connection with a trademark infringement action filed by Vacumet Corporation, presently known as Scholle IPN Corporation (hereinafter "Plaintiff") against the Defendant (the Settlement Agreement dated July 24, 2002 attached hereto as Exhibit "B").

The Defendant complied with the Order and refrained from using the designations in relation to 'VACMET' or 'VACUMET' in the United States.  The Plaintiff has, however, abandoned the 'VACUMET' trademarks bearing U.S. Registration Nos. 1320715 and 1362514 (hereinafter collectively "Trademarks") that were subject matter of the Order.  Now, therefore, the Defendant respectfully seeks the Honorable Court to vacate its earlier Order so that it can use and employ marks related to "VACMET" in the United States without contravening the Order.

**ARGUMENT**

**A.     The Defendant has to right to use 'VACMET' marks as the Plaintiff's 'VACUMET' Trademarks have been abandoned and registrations have been cancelled due to non-renewal.**

The Plaintiff has abandoned its trade marks, 'VACUMET' by not using it in commerce since 2012 when Plaintiff sold its paper division to H.I.G. Europe, and its plastics division to Polyplex Americas Inc. It is apparent from the business websites of the Plaintiff and the companies that acquired the Vacumet business divisions, that none of them use the Trademarks; they have rebranded the businesses and products related to metalized, paper or plastic films.

An abandoned mark "returns into the public domain" and others are free to use the mark. George & Co. v. Imagination Entm't Ltd., 575 F.3d 383, 400 (4th Cir. 2009) (quoting Indianapolis Colts, Inc. v. Metro. Baltimore Football Club Ltd. P'ship, 34 F.3d 410, 412 (7th Cir. 1994). "A trademark is abandoned when its use has been discontinued with intent not to resume such use" with showing of (1) "non-use by the legal owner" and (2) no intent to resume use in the reasonably foreseeable future by the legal owner." Id. at 401(quoting 15 U.S.C. §1127 and Emergency One, Inc. v. American FireEagle, Ltd., 228 F.3d 531, 535 (4th Cir. 2000). "Each registration shall remain in force for 10 years, except that the registration of any mark shall be canceled by the Director unless the owner of the registration files in the United States Patent and Trademark Office affidavits that meet the requirements of subsection (b) . . ." 15 U.S.C. § 1058(a)(2), (a)(3).

Just like in George, where their trademark was considered abandoned because of its stoppage of selling of its product under the trademarked name more than 3 years, and not intending to resume the use of the trademark by exclusively using other trademark, George at

400-401, in the instant case, the Plaintiff abandoned the Trademarks by not using it in the commerce since 2012 and by the Plaintiff's own admission of the abandonment. The Plaintiff has, in response to Defendant's inquiry, confirmed that it has abandoned the Trademarks and that the Defendant is free to use its marks in any manner in the United States (Plaintiff's email dated May 13, 2016 confirming abandonment of the Trademarks, attached hereto as Exhibit "C").

Moreover, the Trademarks registrations have not been renewed within the time period specified for renewal, due to which the Trademarks have been automatically cancelled. 15 U.S.C.A. § 1058(a)(2), (a)(3). Because the Plaintiff is neither using and nor intending to use the Trademarks and the Plaintiff no longer carries on the paper and plastic films business in connection with which the 'VACUMET' Trademarks were registered, it would manifest injustice if the Defendant was restricted from using 'VACMET' marks in connection with its paper and plastics films business. The Defendant respectfully submits that the Plaintiff's grant of consent for the Defendant to use its marks in the United States be treated as a significant factor in favor of vacatur of the Order.

**B.      A motion to vacate is proper when there has been a significant change in factual conditions.**

Fed. R. Civ. P. 60(b)(5), upon which the Defendant relies in support of the instant motion, states "[o]n motion and just terms, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons:... (5) the judgment has been satisfied, released, or discharged ... or applying it prospectively is no longer equitable." "In <u>Swift</u>, the Court recognized the inherent power of a court of equity to modify a decree in light of changed circumstances, 'to adapt its restraints to the needs of a new

7

day.'" United States v. City of Chicago, 663 F.2d 1354, 1359 (7th Cir.1981) (en banc) (quoting United States v. Swift & Co., 286 U.S. 106,113-114, 52 S.Ct. 460. 462 (1932). The changed circumstances require modification of the decree entered by the district court which needs to be vacated first. Id. at 1355.

In the present matter, vacatur is appropriate because the Plaintiff no longer owns the Trademarks which were subject matter of the enjoinment Order, which is a changed circumstance just like in City of Chicago where the increase of minority representation in the sergeant force from the time when the decree, which mandated 40% promotional quota for minorities was entered, was a changed circumstance, which required the decree to be vacated and modified. Id. at 1360-1361, 1364. In the instant case, the Plaintiff has expressly conveyed to the Defendant that they do not have any intention to interfere with the Defendant's use of their marks 'VACMET' in the United States. (See Exhibit "C") The material change in circumstance has rendered the Order moot as between the parties to this action.

It would manifest injustice should this Honorable Court not vacate the Order and permit the Defendant to use designations bearing 'VACMET' as they would no longer infringe any registered 'VACUMET' marks of the Plaintiff.

**CONCLUSION**

For the foregoing reasons, Defendant respectfully moves this Honorable Court to vacate the Stipulated Final Order dated August 9, 2002, including any and all restrictions on the Defendant with respect the use of its marks related to 'VACMET' in the United States in any

manner, and enter the proposed order of vacatur, along with such other or relief that the Court deems just, equitable and proper.

Respectfully submitted,

By: _____/s/_____
    YEON ME KIM
    Counsel for Defendant
    Virginia Bar No. 81446

**CHUGH, LLP**
1902 Campus Commons Dr
Suite # 440
Reston, Virginia 20191
Tel: (703)877-0870
Fax: (703)877-0871
*Attorneys for Defendant, Vacmet Packagings (India) Private Limited*

June 23, 2016